**INTERNATIONAL LADIES' GARMENT WORKERS UNION, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

Garland Knitting Mills of Beaufort, South Carolina, Inc., Intervenor.

**GARLAND KNITTING MILLS OF BEAUFORT, SOUTH CAROLINA, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

International Ladies' Garment Workers Union, AFL–CIO, Intervenor.

**Nos. 21785, 21832.**

United States Court of Appeals District of Columbia Circuit.

Argued March 19, 1969.

Decided July 18, 1969.

---

Mr. Jerry D. Anker, Washington, D. C., with whom Mr. Morris P. Glushien, New York City, was on the brief, for petitioner in No. 21,785 and intervenor in No. 21,832.

Mr. William H. Smith, Jr., Columbia, S. Car., with whom Messrs. E. Riley Casey and Brian J. O'Neill, Washington, D. C., were on the brief, for petitioner in No. 21,832 and intervenor in No. 21,785.

Mr. Robert M. Lieber, Atty., National Labor Relations Board, of the bar of the Supreme Court of California, pro hac vice, by special leave of court, with whom Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Warren M. Davison, Atty., National Labor Relations Board, were on the brief, for respondent.

Before WRIGHT, LEVENTHAL and ROBINSON, Circuit Judges.

PER CURIAM.

These appeals are before the court on petitions to review and cross-application for enforcement of an order of the National Labor Relations Board issued against Garland Knitting Mills of Beaufort, South Carolina, Inc. Decision here was deferred awaiting the Supreme Court opinion in the Gissel Packing Co. and The Sinclair Company cases.[1] Armed by the teaching of those cases, we remand this case to the Board to determine whether, "even in the absence of a § 8(a) (5) violation, a bargaining order would have been necessary to repair the unlawful effect of [the company's unfair labor practices]."[2] In making that determination the Board should consider whether, in view of the company's unfair labor practices, "the risks that a fair rerun election might not be possible were too great to disregard the desires of the employees already expressed through the cards."[3] Otherwise we affirm the order of the Board.[4]

---

1. N.L.R.B. v. Gissel Packing Co., Inc., et al., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed. 2d 547, Sinclair Company v. N.L.R.B., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969).

2. *Id.* at 615, at 1940 of 89 S.Ct.

3. *Ibid.*, 89 S.Ct. at 1941.

4. The Board found that the company violated § 8(a) (1) of the Act by promising benefits to the employees prior to the

The Board here properly found on substantial evidence that on March 7, 1966, the union possessed valid designation cards from a majority of employees in the unit. But then, as it did concerning the Gissel Packing Company in *Gissel*, using *Joy Silk Mills*[5] as its guide, the Board found that the company's rejection of the union's bargaining demand was in bad faith and violative of Section 8(a)(5). The Board made no finding, as it did in *The Sinclair Company*, that the company's unfair labor practices were such "that, even in the absence of a § 8(a)

(5) violation, a bargaining order would have been necessary to repair the[ir] unlawful effect * * *."[6] *Compare* Retail Store Employees Union Local 880 v. N.L.R.B. [Kinter Brothers], U.S. App.D.C. (Nos. 21,551 and 21,615, decided July 10, 1969).

Under the circumstances, we have no alternative but to remand this old case back to the Board for reconsideration in the light of *Gissel*.[7] We retain jurisdiction and require the Board to act within 60 days.

So ordered.

election; by granting benefits to the employees following the election; and by distributing company garment tags among the employees and observing who accepted them. The Board further found that the company violated § 8(a) (3) and (1) of the Act by discharging or laying off six employees because of their union activities. These findings are fully supported by substantial evidence in the record viewed as a whole. Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The evidence on which these findings are based is fully recited in the trial examiner's report. No useful purpose would be served by repeating it here.

5. Joy Silk Mills v. N.L.R.B., 87 U.S.App. D.C. 360, 364, 185 F.2d 732, 736 (1950), *cert. denied*, 341 U.S. 914, 71 S.Ct. 734, 95 L.Ed. 1350 (1951).

6. *Supra* Note 1, 395 U.S. at 615, 89 S.Ct. at 1940.

7. *Id.* at 610–616, 89 S.Ct. 1938–1941.